IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   MARCIAL H. SALCIDO, | ) | |
| | ) | |
|        Plaintiff, | ) | |
| v. | ) | CIV-16-0007-RAW |
| | ) | |
| 1.   TYSON FOODS, INC., | ) | |
| | ) | **ATTORNEY LIEN CLAIMED** |
|        Defendant. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Marcial H. Salcido, and for his Complaint in the above-entitled action, alleges and states as follows:

## PARTIES

1.   Plaintiff, Marcial H. Salcido, is an adult male who resides in McCurtain County, Oklahoma.

2.   Defendant is Tyson Foods, Inc., an entity doing business in McCurtain County, Oklahoma.

## JURISDICTION AND VENUE

3.   This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on claims of: (a) violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 in the form of race discrimination; (b) disability discrimination and retaliation in violation of the ADA and ADAAA, and (c) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), (d) violation of the Family

1

Medical Leave Act ("FMLA"), and (e) worker's compensation retaliation.

4. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claim as it arises out of the same core of operative facts as the federal claims, and jurisdiction over it is vested in this Court under 28 U.S.C. § 1367(a).

5. All of the actions complained of herein occurred in McCurtain County, Oklahoma. Defendant is doing business in such county and may be served in said county. McCurtain County is located in the Eastern District of Oklahoma. Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6. Plaintiff has exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 13, 2015. Plaintiff received his Dismissal and Notice of Rights letter from the EEOC dated November 20, 2015 (received by Plaintiff by mail thereafter) and has timely filed this action within ninety (90) days of receipt of the notice of right to sue.

## STATEMENT OF FACTS

7. Plaintiff, an adult Hispanic male, was born in 1960, making him over the age of forty (40) at all times relevant hereto.

8. Plaintiff began his employment with Defendant on or about August 16, 2000, in a production/debone line position. At the time of his wrongful termination, in or around August 2014, he held the position of Floorman.

9. Throughout Plaintiff's fourteen (14) years of employment with Defendant, he suffered several on-the-job injuries.

10. On or about February 22, 2012, Plaintiff was injured while at work. He was picking food product off the floor when another employee fell into him, knocking Plaintiff to the ground, then stepping on Plaintiff. Plaintiff sustained injuries to his right knee, right hip, right elbow, and back. Plaintiff notified the on-duty supervisor and was sent to Defendant's on-site nurse, where paperwork regarding Plaintiff's workers' compensation claim was completed. After a rudimentary exam, the nurse released Plaintiff to immediately return to work on light duty.

11. Despite being on light duty, Plaintiff continued to suffer pain from his injuries. Approximately two (2) months after the accident, Plaintiff was sent to see Defendant's on-site physician. The physician performed a quick evaluation before stating Plaintiff had no broken bones and could, therefore, return to work on light duty.

12. Plaintiff continued to work on light duty for over one year until in or around June 2013, when he was able to be treated by a physician through his workers' compensation proceeding. The physician performed an MRI and found that Plaintiff had a torn ACL from his February 2012 injury. The physician kept Plaintiff on light duty until surgery to repair his ACL could be performed.

13. In or around July 2014, Plaintiff was notified by his physician that he was to have surgery on his ACL on or about July 31, 2014. In preparation for the approximate six

3

(6) weeks Plaintiff would be off work for recovery, Plaintiff spoke with Human Resources representative, Kathy (Last Name Unknown) to request a Prearranged Absence Form. Plaintiff, who is unable to read or write, asked for assistance from Kathy to complete the form. However, Kathy refused to assist Plaintiff.

14. Plaintiff complained that he felt he was being treated unfairly because of his medical condition. Kathy then told Plaintiff he did not need to complete the form because his surgery was for an on-the-job injury and Defendant would already be aware of his need for time off through the workers' compensation proceeding.

15. Plaintiff continued to work on light duty up to the afternoon of his ACL surgery on or about July 31, 2014. He was then taken off work by his doctor until further notice.

16. However, rather than accommodating his disability, Plaintiff received a termination letter from Defendant less than one month after, dated August 25, 2014, stating that his benefits were ending due to his "termination of employment." He was given no other information regarding his termination. And, at no time was Plaintiff informed of his rights under FMLA, or otherwise offered FMLA leave, despite his FMLA-qualifying leave.

17. Plaintiff was released to return to work on light duty on or about September 15, 2014. And, he received a full release to return to work on or about January 14, 2015.

18. Plaintiff is a qualified individual with a disability in that he suffers from a physical impairment which substantially limits or limited his ability to perform one or more

4

major life activities, including but not limited to his ability to walk, sit, lift, push, pull, and stand. Also, his disabilities impact one or more of his internal bodily processes, including but not limited to musculoskeletal functions.

19.     Despite said impairments, Plaintiff could perform the essential functions of his job with or without reasonable accommodations at all relevant times hereto.

20.     Throughout his employment with Defendant, Plaintiff was subjected to less favorable working conditions than similarly situated non-Hispanic employees, being given less favorable tasks to complete than his similarly situated non-Hispanic co-workers. And, prior to being placed on light duty, Plaintiff had been charged with performing the work of two employees, whereas his similarly-situated non-Hispanic co-workers were not given such extensive tasks.

21.     Additionally, in the last several years of Plaintiff's employment, he was subjected to many negative comments about his age and health. For example, several supervisors asked Plaintiff when he was going to retire. And, when Plaintiff informed his supervisor that he was not to perform certain tasks per his doctor's orders after he was placed on lifting restrictions following his February 2012 workplace injury, Plaintiff's supervisors would often chastise him, saying "if you can't do it, then why don't you go home and draw disability."

22.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered the injuries described hereafter.

## COUNT I - Race Discrimination

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

23.     The matters alleged above constitute violations of 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964 in the nature of race discrimination.

24.     Plaintiff is entitled to relief under Title VII and §1981 because he is Hispanic, was qualified for his job, was subject to more stringent work standards and discipline than that of his similarly-situated non-Hispanic counterparts, was terminated, and his position was not eliminated after his termination.

25.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

26.     Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT II - ADA AND ADAAA

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

27.     The matters alleged above constitute discrimination and retaliation based on a disability, a record of a disability and/or perceived disabilities in violation of the ADA and ADAAA.

28.     More specifically, Plaintiff was a qualified individual with a disability in that

6

he suffers from physical impairments (i.e., injuries to his right knee, right hip, right elbow, and back) which substantially limit his ability to perform one or more major life activities as set forth above. Also, his disabilities impact one or more of his internal bodily processes, as set forth above.

29. Despite said impairment, Plaintiff could perform the essential functions of his job with or without reasonable accommodations at all relevant times hereto.

30. As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost income, past and future, emotional distress and other non-pecuniary losses.

31. Because the actions of Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT III - ADEA

For his third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

32. The matters alleged above constitute violations of the ADEA in the form of age discrimination.

33. Plaintiff is entitled to relief under the ADEA because, at all times relevant to this action, he was over the age of forty (40), was qualified for his job, was subject to more stringent work standards and discipline than that of his similarly-situated younger counterparts, was terminated, and his position was not eliminated.

34. As damages, Plaintiff has suffered lost earnings, past and future, and other

7

equitable and compensatory damages allowed by the Civil Rights Act of 1991. Plaintiff is also entitled to liquidated damages based upon Defendant's willful conduct in violating the ADEA.

### COUNT IV - FMLA

For his fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

35. The matters alleged above constitute interference with and retaliation for Plaintiff's use or attempted use of medical leave in contradiction of the Family and Medical Leave Act.

36. Plaintiff was entitled to medical leave because he suffered from a serious health condition (requiring inpatient care) and worked for Defendant, an entity with more than 50 employees within a 75 mile radius of Plaintiff's work site, for more than one (1) year and for more than 1250 hours within the one year prior to his need for leave.

37. Defendant interfered with Plaintiff's rights under the FMLA by failing to notify Plaintiff of his right to leave under the FMLA.

38. Defendant also retaliated against Plaintiff for using medical leave.

39. As the direct and proximate result of Defendants' action, Plaintiff has suffered injuries and is entitled to recovery of all damages or other relief allowed by the FMLA, including but not limited to, lost wages (past and future), liquidated damages, and attorney's fees and costs.

## COUNT V:  WORKERS' COMPENSATION RETALIATION

For his fifth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

40. Defendant's actions, as described above, constitute retaliation in violation of the Oklahoma Workers' Compensation Act.

41. Plaintiff sustained multiple on the job-related injuries for which he could assert claims for benefits under the Oklahoma Workers' Compensation Act.

42. Defendant had knowledge of Plaintiff's work-related injuries.  Defendant terminated Plaintiff's employment while he was out on leave seeking medical treatment for an on the job injury.

43. As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost income, past and future, emotional distress and other non-pecuniary losses.

44. Defendant's actions were willful, wanton and/or conducted in a reckless disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory, punitive damages, together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 7th DAY OF JANUARY, 2016.**

        s/Jana B. Leonard
        JANA B. LEONARD, OBA# 17844
        SHANNON C. HAUPT, OBA # 18922
        LEONARD & ASSOCIATES, P.L.L.C.
        8265 S. WALKER
        OKLAHOMA CITY, OK 73139
        (405) 239-3800    (telephone)
        (405) 239-3801    (facsimile)
        leonardjb@leonardlaw.net
        haupts@leonardlaw.net

        JURY TRIAL DEMANDED
        ATTORNEY LIEN CLAIMED